STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-03
SKS - KEN - 10/19/2006

STEPHEN GRISWOLD,

Petitioner

v.

STATE OF MAINE,
DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

Respondent

and

POLAND SPRING BOTTLING CO.,

Party-in-Interest

**DECISION ON APPEAL**

JAN 17 2007

LAW LIBRARY
DONALD L. GARBRECHT

This matter comes before the court on appeal pursuant to M.R. Civ. P. 80C and a

separate request for declaratory judgment.

## Background

This appeal (count I) and separate claim (count II) arise from a decision by the

Commissioner of the Department of Health and Human Services ("DHHS") concerning

the bulk transport of water. Concerned about the potential adverse effects of

transportation of large quantities of water away from its natural location for commercial

purposes, in 1987 the Maine Legislature enacted the "Transport of Water Act."

22 M.R.S.A. §§ 2660 and 2660-A. According to the legislative scheme, such transport of

water, with limited exceptions, would be forbidden unless DHHS grants an "appeal" of

the prohibition.

Poland Spring Bottling. Co. ("Poland Spring") is one of the leading bottlers of

spring water using water from sources within the State of Maine. In mid-2005, Poland

Spring applied for a permit to extract water from a site in Denmark, Maine, under a Town ordinance which generally mirrors the State statute. At the same time that this application was made to the Town of Denmark, Poland Spring also requested an appeal pursuant to section 2660-A(3) to allow that extracted water to be transported to bottling plants elsewhere in Maine and Massachusetts. Petitioner Griswold, who owns property abutting the extraction site, participated in both of these parallel proceedings.

Poland Spring's application to the Town of Denmark was approved by the Board of Selectmen. That decision to grant the extraction permit was appealed by Griswold to the Superior Court, which affirmed the town's decision.[1] Similarly, DHHS found that Poland Spring had met the requirements of the statute and issued a permit for bulk water transport. From this decision, Griswold took the present appeal.

## Discussion

In order to be successful in obtaining a transport permit from DHHS, an applicant must convince the Commissioner of four basic findings. Of those four, the three of potential importance in the present appeal are findings that:

A. Transport of the water will not constitute a threat to public health, safety or welfare;

B. Water is not available naturally in the location to which it will be transported;

C. Failure to authorize transfer of the water would create a substantial hardship to the potential recipient of the water.

Griswold argues that the evidence of record was insufficient to support the findings with regard to B and C above.

---

[1] *Griswold v. Inhabitants and Board of Selectmen of the Town of Denmark and Poland Spring Bottling Co.*, Sup. Ct., Oxf. Cty., Dkt. No. AP-05-012, July 27, 2006.

## I.   Motion to Dismiss.

Before discussing the Rule 80C appeal, there must be consideration of the motion by DHHS to dismiss count II of the petition. Count II seeks a declaratory judgment that Poland Spring's allegations are inadequate as a matter of law to show "substantial hardship" as required in paragraph C above.

Petitioners seeking review of governmental action pursuant to Rule 80B are permitted to join with the appeal any "independent basis for relief from governmental action." M.R. Civ. P. 80B(i). Such independent claims might consist of challenges to constitutionality of the underlying statute, violations of civil rights, etc., in other words, claims arising out of the same general factual situation which could be brought by a separate independent complaint. However, in the present case, it is clear that the petitioner's count II merely asks the court to make its own decision with regard to an integral part of the underlying decision by DHHS which forms the basis for the Rule 80C appeal. The necessary factual development of the issue should have occurred as this matter proceeded through DHHS and there is nothing independent about this claim. *See Adelman v. Town of Baldwin*, 2000 ME 91, 750 A.2d 577, 581. Thus, count II is duplicative of the Rule 80C appeal and Griswold's motion to dismiss will be granted.

## II.   Res Judicata.

A second preliminary issue for consideration concerns the argument by Poland Spring that the decision of the Superior Court, Oxford County, upholding the appeal of the decision of the Denmark Board of Selectmen should act as *res judicata* with regard to the issues presented in the present appeal. Griswold objects that *res judicata* is an affirmative defense which must be pled or at least raised in some other fashion before one gets to final argument. The court agrees that the issue was not timely raised, but also concludes that the decision of the court in Oxford County would not act as *res*

*judicata* even if it had been timely raised. The problem with the argument is that it compares apples and oranges. The parties were the same in both actions, the issues were the same, and the town ordinance was patterned after the State statute. However, despite this similarity, the forum considering the issues – Board of Selectmen versus State Executive Branch Department Commissioner – are quite different. In other words, it would not seem appropriate as a matter of *res judicata* to hold that the decision of one Superior Court reviewing a prior decision from the town should legally bind another Superior Court reviewing a decision on the same or similar issues but by an entirely different decision maker. This distinction becomes especially important where, as will be seen, one of the initial decision makers has made a fundamental error. Therefore, the court conldudes that it is not bound by the decision of the Oxford Superior Court.

## III. MERITS

As noted above, one of the key fndings which must be made by DHHS prior to granting a transport license is that a failure to issue the authorization would create a "substantial hardship" to the potential recipient. The leading, and perhaps only, case on point is *Centamore v. Dep't of Human Services*, 664 A.2d 369 (Me. 1995). In this case, a landowner applied to the Department for a transportation permit under the statute, and the Commissioner found that the necessary criteria had been met. On appeal to the Law Court, it was held that there was no error in concluding that the statute did not completely eliminate the transportation of water for commercial purposes and in finding that there was no public health threat. However, the Court found that the "substantial hardship" finding was unsupported in the record. The Department decision stated, "The standard requires an <u>argument</u> from the applicant that a hardship would result if the bottled water was not available to the 'potential recipient' (consumer)." (Emphasis provided) The court's response to this was a pithy, "Argument

is not evidence." Unfortunately, now ten years after *Centamore*, a different commissioner in the same position acting on a similar application has fallen into the same trap. Among the Commissioner's conclusions it is stated:

> 3. Regarding the third criteria, failure to authorize transport of spring water would create a substantial hardship to the potential recipient of the water: The <u>arguments</u> presented are compelling enough to convince me that there will exist a substantial economic hardship for the intended recipient, in this case, a water bottling plant, which needs this spring water resource to package and distribute spring water products for sale to consumers.

(Emphasis provided). The decision proceeds to discuss what could or would happen in the event that the permit is not granted, but it is not clear whether this further discussion is merely a repetition of the arguments made by Poland Spring or whether their factual findings were gleaned from testimony or exhibits presented during the hearing. The use of the word "arguments" may just be a poor choice of words or a question of semantics, but in light of *Centamore*, it is a fatal error.

Although the court feels it is necessary to clarify whether the Department's purported findings are merely repetition of arguments of the parties or legitimate findings based upon the evidence, the court does not believe that it would be necessary to redo the entire procedure. The matter will be remanded to DHHS for further proceedings, findings of fact or conclusions of law as are necessary under the guidance of the *Centamore* decision pursuant to 5 M.R.S.A. § 11007(4)(B).

The entry will be:

This matter is REMANDED to the agency for further proceedings, findings of fact or conclusions of law as necessary consistent with this opinion.

Dated: October 19, 2006

S. Kirk Studstrup
Justice, Superior Court

Date Filed **01-06-06**    **KENNEBEC** County    Docket No. **AP-06-03**

Action **80C APPEAL**

# J. STUDSTRUP

STEPHEN GRISWOLD    vs. STATE OF ME. DHHS & POLAND SPRING BOTTLING

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| SCOTT ANDERSON<br>VERRILL DANA LLP<br>PO BOX 586<br>PORTLAND, ME  04112-0586 | N. PAUL GAUVREAU, AAG  &  PHILIP AHRENS, II<br>6 SHS                    PIERCE ATWOOD<br>AUGUSTA, ME   04333-0006  ONE MONUMENT SQ.<br>                         PORTLAND, ME   041<br>(STATE OF ME.) & (POLAND SPRINGS<br><br>Joanna Brown Tourangeau, Esq. (Poland Sprir |

| Date of Entry | |
|---|---|
| **01-06-06** | Received and filed by Attorney for Claimant, Scott Anderson, A Complaint, Complaint Summary Sheet, and filing fee of $120.00. |
| 1/17/06 | Motion to Specify Future Course of Proceedings, filed. s/Anderson, Esq. Proposed Order, filed. |
| 1/23/06 | Acceptance of Service of Process, filed. s/Gauvreau, AAG |
| 1/24/06 | Letter entering appearance, filed. s/Gauvreau, AAG<br><br>Defendant's Response to Motion to Dismiss and Consent to Specify Specific Course of Proceedings, filed. s/Gauvreau, AAG<br>Proposed Order to Specify Course of Future Proceedings, filed. |
| 1/26/06 | Notice of Appearance, filed. s/Tourangeau, Esq.<br>Motion to Dismiss Count II of Plaintiff's Complaint and Consent to Plaintiff's Motion to Specify Future Course of Proceedings, filed. s/Tourangeau, Esq.<br>Consented to Order to Specify Future Course of Proceedings, filed. |
| 2/1/06 | ORDER ON CONSENTED MOTION TO SPECIFY FUTURE COURSE, Studstrup, J.<br>Plaintiff brief shall be due no later than forty days following date of this Order.  Briefs from Defendant and Party-In-Interest shall be due thirty days after receipt of service of Plaintiff's briefs.  Plaintiff to file a reply brief within 14 days after service of DHHS or Poland Spring's brief. Copies mailed to attys of record. |
| **02-06-06** | Received and filed by AAG N. Paul Gauvreau, on behalf of State of Maine The Agency Record on Appeal, copies of which have this day been forwarded to Scott Anderson, Esq., Catherine Conners, Esq. and Joanna Tourangeau, Esq.<br>**(IN VAULT)** |
| 3/20/06 | Plaintiff's Rule 80C Brief, filed. s/Anderson, Esq. |
| 4/18/06<br>------ | Poland Spring's Rule 80C Brief, filed. s/Tourangeau, Esq.<br>Respondent's Brief, filed. s/Gauvreau, AAG. |
| 5/4/06 | Plaintiff's Reply Brief, filed. s/Anderson, Esq. |